## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND
(Southern Division)

| | | |
|---|---|---|
| SONIA ESPERANZA JANDRES | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Case No.: GJH-17-498 |
| | : | |
| BROOKEVILLE HOUSE, LLC, et. al. | : | |
| | : | |
| Defendants. | : | |

## JOINT MOTION FOR APPROVAL OF SETTLEMENT
## AND DISMISSAL WITH PREJUDICE

Plaintiff Sonia Esperanza Jandres ("Plaintiff"), jointly with Defendants Brookeville House LLC, Brookeville House II, Inc., Brookeville House III, LLC, Evelyn Hiatt Ricciardela and George Papademetriou (collectively "Defendants") (together, the "Parties"), by and through their respective attorneys, hereby notify the Court that the Parties have resolved this action and all claims raised in it, and stipulate to dismissal with prejudice of this action in its entirety pursuant to FED. R. CIV. PROC. 41. Accordingly, the Parties jointly move the Court for entry of an Order approving the Parties' settlement and dismissing the claims raised in this action under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201 *et seq.* ("FLSA"). The Parties respectfully request that the Court approve the Parties' settlement.

### I.    Background

This case involved claims for alleged unpaid overtime wages under the FLSA, the Maryland Wage and Hour Law ("MWHL"), and the Maryland Wage Payment and Collection Law ("MWPCL"). Plaintiff filed her Complaint against Defendants in the United States District Court for Maryland on February 20, 2017. Defendants filed their Answer to Plaintiff's

Complaint on May 5, 2017. The Parties have engaged in some informal discovery since, but no depositions have been taken and no dispositive motions have been filed.

## II.      Applicable Legal Principles

In the context of a private lawsuit brought by an employee against an employer under section 216(b) of the FLSA, as is the case here, an employee may settle and release FLSA claims against the employer if the parties present the Court with a settlement which the Court deems fair. Specifically, the Court must determine whether the proposed settlement "reflects a fair and reasonable resolution of a *bona fide* dispute over FLSA provisions," which includes a finding with regard to: (1) whether there are FLSA issues actually in dispute, (2) the fairness and reasonableness of the settlement in light of the relevant factors from Fed. R. Civ. P. 23, and (3) the reasonableness of the attorney's fees, if included in the agreement. *Duprey v. Scotts Co., LLC*, 30 F.Supp.3d 404 (D.Md. 2014) (citing *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354-55 (11th Cir. 1982)).

## III.      Agreement of the Parties and Fairness and Reasonableness of the Settlement

"When considering a motion to approve an FLSA settlement agreement, courts weigh a number of factors, including: (1) the extent of discovery that has taken place; (2) the stage of the proceedings, including the complexity, expense and likely duration of the litigation; (3) the absence of fraud or collusion in the settlement; (4) the experience of counsel who [has] represented the plaintiff[ ]; (5) the probability of plaintiff's success on the merits[;] and (6) the amount of the settlement in relation to the potential recovery." *Saman v. LBDP, Inc.*, 2013 WL 2949047, *3 (D. Md. June 13, 2013).

In this case, the Plaintiff collectively claimed a total of $16,543.66 in unpaid overtime wages based on fluctuating regular hourly rates throughout her employment. The Defendants

contested liability regarding the applicable hourly wage rate, hours worked, potential executive exemption and raised other defenses, including inability to pay.

**Discovery Status:**

Nothing beyond limited discovery has taken place, primarily because the parties recognized that the fees and costs associated with extensive discovery, including depositions of the parties, would have been a needless waste of resources in light of the potential damages recoverable by Plaintiff. As a result, the Parties were able to resolve this matter expeditiously and without the need to incur significant legal costs.

**Settlement Terms at Present Procedural Stage:**

Similarly, the complexity, expense, and likely duration of this litigation militated in favor of early settlement. Significant factual investigation regarding Plaintiff's claims of hours worked and wage rates would have necessitated depositions of Plaintiff and several potential witnesses, including Plaintiff's former co-workers. The Parties stipulate that they are resolving this action in order to avoid the cost and time of litigation as well as the risks associated with continued litigation.

**Fraud or Collusion:**

There is no claim or indication of fraud or collusion in the settlement.

**Experience of Counsel:**

Plaintiff and Defendants were each represented by experienced employment litigation counsel and firms. The lead attorney for the Plaintiff, Mary Lombardo has been a practicing attorney in the State of Maryland, and has been engaged in the active practice of law for over fifteen years. Mary Lombardo is admitted to practice in state and federal courts in Pennsylvania, New Jersey (inactive), Maryland, the District of Columbia, and Virginia have been the lead attorney in

this case since it went into litigation. During the investigation and initial demand stage, this matter was handled primarily Jonathan F. Lieberman, Esquire. Mr. Lieberman was also admitted to the bar in 1999 and is admitted in state and federal courts in Maryland, the District of Columbia and Virginia. Mr. Lieberman focuses her practice on personal injury and employment law and has handled cases through trial and appeal in these areas. Both Mr. Lieberman and Ms. Lombardo have spoken to trade groups regarding employment issues. After the Complaint was filed the case has been primarily handled by Eduardo S. Garcia, Esquire. Mr. Garcia was admitted to the bar in 2014 and is admitted in the state and federal court in Maryland, Virginia and the District of Columbia. Mr. Garcia focuses her practice on employment law and civil litigation.

Primary counsel for the Defendants, Eugene W. Policastri, has been admitted to practice law since October of 1989 being first admitted in the State of Louisiana.  Policastri has been admitted in Maryland since December of 2000 and a member of this Court since February of 2001. Policastri is also admitted to practice in the District of Columbia (2001) and Virginia (2003) and is actively practicing in the United States District Court for the District of Columbia and in the United States District Court for the Eastern District of Virginia. Among the practice areas for Policastri are employment law as it relates to small business owners. Policastri is an associate member of the Society of Human Resource Management and frequently counsels business owners on employment related issues.

**Probability of Success:**

Based on the factual investigation undertaken by counsel for each of the parties, Plaintiff had hurdles to overcome to achieve any recovery under the FLSA, MWHL, or MWPCL including wage rates, and the absence of complete documentary of actual overtime hours worked.

**Settlement Amount:**

Because the probability of success and amount of recovery were both questionable, all of the Parties, and counsel for all Parties, agreed that the amount of the total settlement from these Defendants is fair and reasonable in relation to the potential recovery and collection. The total settlement amount for the claims in this case, will be Twenty-Six Thousand Dollars ($26,000.00) of which $16,600.00 is apportioned to Plaintiff and the remaining $9,400.00 is apportioned to Plaintiff's counsel as incurred attorney's fees and costs.[1] The Parties attest and stipulate to the fairness and reasonableness of their amicable settlement and request that the Court approve the settlement and dismiss the action with prejudice. A copy of the Settlement Agreement is attached hereto as <u>Exhibit 1</u>. The above settlement illustrates a recovery greater than the alleged unpaid overtime wages and compensation for Plaintiff's attorneys' fees and litigation costs.

IV.    **Conclusion**

The settlement negotiated through experienced counsel and reached by the parties reflects a reasonable compromise of disputed issues. The Parties, through their respective attorneys, and with the advice and counsel of their respective attorneys, freely and voluntarily agreed to the settlement and deemed it to be fair and reasonable. The Parties further agree and stipulate that, upon approval by the Court of the settlement and payment made to Plaintiff pursuant to the settlement, Plaintiff will have received all wages owed to him by Defendants. The Parties therefore jointly request that the Court waive oral argument on this Motion, approve the Parties' settlement and dismiss the pending case with prejudice.

---

[1] As of July 24, 2017, the hourly attorneys' fees incurred by Plaintiffs were $13,611.50 and litigation costs of $400.00. In order to achieve a settlement, given the various defenses by the Defendants and the monetary issues facing Defendants, Plaintiffs' counsel will forego any other claim for attorneys' fees and accept the $9,400.00 as full satisfaction of any claim for attorneys' fees and litigation costs. A copy of the bill as of July 24, 2017 is attached hereto as <u>Exhibit 2</u>. Plaintiff's counsel has also already no charged in the bill, a significant amount of the attorneys' fees provided in this case as a benefit for the Defendants.

Respectfully submitted,

STEIN SPERLING BENNETT
DE JONG DRISCOLL PC

By:  _____/s/ Mary Craine Lombardo_____
Mary Craine Lombardo (17140)
25 West Middle Lane
Rockville, Maryland 20850
301-340-2020
301-354-8126 (fax)
mlombardo@steinsperling.com

*Attorneys for Plaintiffs*

-and-

POLICASTRI LAW FIRM, LLC

_____/s Eugene W. Policastri_____
Eugene W. Policastri (14917)
600 Jefferson Plaza, Ste. 308
Rockville, MD 20852
Telephone: 240-660-2219
Facsimile: 240-235-4399
gene@policastrilawfirm.com

*Attorneys for Defendants*

(Signed by Mary Craine Lombardo
with authority from Eugene W. Policastri)